**Norberto COLON–LORENZO, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

Nos. 13-71513
13-72035

United States Court of Appeals, Ninth Circuit.

Argued and Submitted August 30, 2016 Pasadena, California

Filed November 02, 2016

** This disposition is not appropriate for publication and is not precedent except as provid- ed by Ninth Circuit Rule 36-3.

Jesus Manuel Sanchez, Esquire, Attorney, J. Manuel Sanchez & Associates, San Ysidro, CA, for Petitioner

Craig Alan Newell, Jr., Esquire, Trial Attorney, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: KOZINSKI and BYBEE, Circuit Judges, and WALTER, Senior District Judge.[*]

## MEMORANDUM [*]

1. Colon–Lorenzo contends that the BIA erred in denying as untimely his motion to reconsider its 1993 dismissal and to reopen proceedings. But the BIA did not err. Citing *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011), the BIA correctly found that Colon–Lorenzo's assertions were insufficient to establish due diligence.

Colon–Lorenzo was ordered deported on February 18, 1993. After his attorney failed to timely appeal, Colon–Lorenzo filed an untimely *pro se* notice of appeal, which was dismissed on November 18, 1993. The BIA's dismissal was sent directly to Colon–Lorenzo. From then until 2013, despite having all pertinent information at his disposal, he made no reasonable efforts to pursue relief. *See Avagyan*, 646 F.3d at 680 (stating that petitioner first had reason to suspect counsels' deficient performance when the BIA denied her appeal). Nearly two decades later, on February 8, 2013, Colon–Lorenzo requested that the BIA reconsider its dismissal and reopen the proceedings.

The motion was clearly untimely, unless subject to equitable tolling. "[A] petitioner is entitled to equitable tolling of the deadline 'during periods when a petitioner is prevented from filing because of a deception, fraud, or error, as long as petitioner acts with due diligence in discovering the deception, fraud or error.'" *Avagyan*, 646 F.3d at 679 (quoting *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003)). This court has found that a lack of due diligence foreclosed a petitioner's entitlement to equitable tolling where the petitioner became suspicious of fraud a "few weeks" after entry of a removal order and yet failed to take any action for six months. *Singh v. Gonzales*, 491 F.3d 1090, 1096 (9th Cir. 2007). We explained that said "inaction contrast[ed] sharply with cases in which we have concluded that the petitioner acted with due diligence." *Id.* (collecting cases). Colon–Lorenzo's inaction, for nearly twenty years, during which time he also chose to illegally reenter the United States, likewise forecloses the application of equitable tolling. The BIA's decision was therefore not "arbitrary, irrational, or contrary to law." *Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (citation omitted).

2. Regardless of our decision above, Colon–Lorenzo is also subject to the DHS's proper reinstatement of his February 18, 1993 deportation order. Pursuant to 8 U.S.C. § 1231(a)(5), "the prior order of removal is reinstated ... and is not subject to being reopened or reviewed, the alien is not eligible ... for any relief under this chapter, and the alien shall be removed ... at any time after the reentry." The record supports the DHS's findings that Colon–Lorenzo (1) is an alien, subject to a previous order of deportation entered on February 18, 1993; (2) was removed, pursuant thereto, on January 31, 1998; and

---

[*] The Honorable Donald E. Walter, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

(3) illegally reentered the United States on or about February 1, 1998. *See Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1137 (9th Cir. 2008) (citing *Morales–Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (en banc)). These findings are conclusive. 8 U.S.C. § 1252(b)(4)(B).

**DENIED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.